IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**GAYLA DZOBA and SHELBY WALLS,**                                    **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                                  No. 5:21-cv-___

**CLOVERKLE ENTERPRISES, LLC,**                                      **DEFENDANTS**
**and SCOTT McCORKLE**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Gayla Dzoba and Shelby Walls (collectively "Plaintiffs"), each individually and on behalf of others similarly situated, by and through their attorney Courtney Lowery of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendants Cloverkle Enterprises, LLC, and Scott McCorkle (collectively "Defendant" or "Defendants"), they state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is an action brough by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.    Plaintiffs, each individually and on behalf of all others similarly situated, seek a declaratory judgment, monetary and liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' policy and practice of failing to pay Plaintiffs and other similarly situated individuals proper overtime

compensation and minimum wage compensation under the FLSA within the applicable statutory limitations period.

3.  Upon information and belief, within the three years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.  JURISDICTION AND VENUE

4.  The United States District Court for the Northern District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.  Defendants conduct business within the State of Alabama.

6.  Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Alabama has personal jurisdiction over Defendants, and Defendants therefore "reside" in Alabama.

7.  A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the Northeastern Division of the Northern District of Alabama. Specifically, Plaintiffs were employed within the Northeastern Division. Therefore, the acts alleged in this Complaint had their principal effect within the Northern District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.  THE PARTIES

8.  Plaintiff Gayla Dzoba ("Dzoba") is an individual and resident of Madison County.

9.  Plaintiff Shelby Walls ("Walls") is an individual and resident of Limestone County.

10. Separate Defendant Cloverkle Enterprises, LLC ("Cloverkle"), is an Alabama limited liability company.

11. Cloverkle's registered agent for service is USCA Inc., at 100 Oxmoor Road Suite 110, Birmingham, Alabama 35209.

12. Separate Defendant Scott McCorkle ("McCorkle") is an individual and resident of Alabama.

13. Defendants do business as a franchisee of Aussie Pet Mobile.

## IV. FACTUAL ALLEGATIONS

14. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

15. Defendants own and operate a mobile pet grooming service in Huntsville.

16. Defendants were at all times relevant hereto Plaintiffs' employer and are and have been engaged in interstate commerce as that term is defined under the FLSA.

17. McCorkle is a principal, director, officer, and/or owner of Cloverkle.

18. McCorkle took an active role in operating Cloverkle and in the management thereof.

19. McCorkle, in his role as an operating employer of Cloverkle, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

20. McCorkle, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedule, pay policy, and the day-to-day job duties that Plaintiffs' job entailed.

21. Cloverkle acted as the employer of Plaintiffs and is and has been engaged in interstate commerce as that term is defined under the FLSA.

22. McCorkle acted as the employer of Plaintiffs and is and has been engaged in interstate commerce as that term is defined under the FLSA.

23. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for interstate commerce by any person, such as vehicles and fuel.

24. Upon information and belief, Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

25. Plaintiffs participated in interstate commerce as part of their job by handling, selling, or otherwise working with goods or materials that have been moved in or produced for interstate commerce, such as pet grooming products and vehicles.

26. Plaintiffs regularly used instrumentalities of interstate commerce such as cell phones and customer credit cards in the course of their duties.

27. Dzoba was employed by Defendants as an hourly-paid Pet Groomer from October of 2019 to June of 2021.

28. Walls was employed by Defendants as an hourly-paid Pet Groomer from February of 2021 to August of 2021.

29. At all times material herein, Defendants classified Plaintiffs as nonexempt from the overtime requirements of the FLSA and paid them an hourly wage.

30. Defendants also employed other hourly-paid Pet Groomers within the three years preceding the filing of this lawsuit.

31. Plaintiffs' primary job duties included pet grooming and cleaning the grooming van at the end of the day.

32. Other Pet Groomers had the same or similar duties as Plaintiffs.

33. At all times material herein, Plaintiffs were entitled to the rights, protections and benefits provided under the FLSA.

34. At all relevant times herein, Defendants directly hired Pet Groomers to work at its facilities, paid their wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

35. In addition to their hourly rate, Plaintiffs received commissions based on the grooming services they provided to Defendants' customers.

36. Other Pet Groomers also earned commissions based on the grooming services they provided to Defendants' customers.

37. In addition to their hourly rate, Plaintiffs also received regular bonuses for meeting specific goals outlined by Defendants, including making the most sales, working the most hours, or booking the most appointments.

38. Other Pet Groomers also earned bonuses for meeting specific goals outlined by Defendants, including making the most sales, working the most hours, or booking the most appointments.

39. These regular bonuses were nondiscretionary because Defendants informed Plaintiffs and other Pet Groomers of the bonuses and bonus criteria at a monthly meeting and Plaintiffs and other Pet Groomers expected to receive the bonuses if Plaintiffs met Defendants' specified goals.

40. Plaintiffs regularly or occasionally worked over forty hours per week while employed by Defendants.

41. Upon information and belief, other Pet Groomers also worked over forty hours in at least some weeks while employed by Defendants.

42. Plaintiffs recorded their hours worked on a timecard and turned the timecard in to Defendants at the end of their shift each day.

43. Upon information and belief, other Pet Groomers recorded their hours worked on a timecard and turned the timecard in to Defendants at the end of their shift each day.

44. Defendants knew of should have known that Plaintiffs were working hours in excess of forty per week.

45. During weeks in which Plaintiffs and other Pet Groomers worked over forty hours, Defendants did not always pay Plaintiffs and other Pet Groomers 1.5 times their regular rate of pay for all hours worked over forty per week.

46. During weeks in which Plaintiffs and other Pet Groomers worked over forty hours, Defendants paid an improper overtime rate because Defendants determined the regular rate of pay solely based on employees' hourly rate, without including the value of the commissions and bonuses that Defendants provided to Plaintiffs and other Pet Groomers.

47. Section 778.117 of Title 29 of the Code of Federal Regulations states that commissions "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

48. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

49. Therefore, Defendants violated the FLSA by not including all forms of compensation, such as commissions and nondiscretionary bonuses, in the regular rate when calculating Plaintiffs' and other Pet Groomers' overtime pay.

50. At all relevant times herein, Defendants have deprived Plaintiffs and similarly situated employees of proper overtime compensation for all of the hours worked over forty per week.

51. Defendants failed to pay Walls her final paycheck.

52. Therefore, Defendants failed to pay Walls a sufficient minimum wage during the hours she worked during her final pay period.

53. Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

### V.  REPRESENTATIVE ACTION ALLEGATIONS

54. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as through fully incorporated in this section.

55. Plaintiffs bring this FLSA claim on behalf of all other hourly Pet Groomers who were employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime

requirements of the FLSA, and who are entitled to payment of the following types of damages:

    A.    Payment of a lawful overtime premium for all hours worked for Defendants in excess of forty hours in a week;

    B.    Liquidated damages; and

    C.    Attorney's fees and costs

56.    Plaintiffs propose the following collective under the FLSA:

**All Pet Groomers within the past three years.**

57.    In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file his or her written Consent to Join this lawsuit.

58.    The relevant time period dates back three years from the filing of this Original Complaint and continues forward through the date of judgment, pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

59.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    A.    They were classified by Defendants as nonexempt from the overtime requirements of the FLSA;

    B.    They had the same or substantially similar job duties and responsibilities;

    C.    They were paid hourly;

    D.    They earned commissions and/or nondiscretionary bonuses;

    E.    They worked over forty hours in at least one week in which they performed work related to a commission and/or nondiscretionary bonus;

F.   They were subject to Defendants' common pay policy and practice of failing to include the commissions and/or bonuses in their hourly rate when calculating their overtime pay; and

G.   They were subject to Defendants' common pay policy and practice of denying lawful pay for all hours worked over forty hours in a week.

60.   Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds ten persons.

61.   Defendants can readily identify the members of the Section 16(b) collective. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email, and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

62.   Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

63.   Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64.   29 U.S.C. § 207 requires employers to pay employees 1.5 times the employee's regular rate for all hours that the employee works in excess of forty per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

65. Defendants classified Plaintiffs as nonexempt from the overtime requirements of the FLSA.

66. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendants failed to pay Plaintiffs an overtime rate of 1.5 times their regular rate of pay for all hours worked over forty each week.

67. Defendants violated 29 U.S.C. § 207 by not paying Plaintiffs a proper overtime rate for all hours worked in excess of forty per week.

68. Defendants violated 29 C.F.R. §§ 778.117 and 778.208 by not including all forms of compensation, including commissions and nondiscretionary bonuses, paid to Plaintiffs in their regular rate when calculating their overtime pay.

69. Defendants failed to pay Walls a proper minimum wage for all hours worked.

70. Defendants conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

71. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

72. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CAUSE OF ACTION
(Collective Action Claim for Violation of the FLSA)

73. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

74. Plaintiffs, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

75. 29 U.S.C. § 207 requires employers to pay employees 1.5 times the employee's regular rate for all hours that the employee works in excess of forty per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

76. Defendants classified Plaintiffs and all others similarly situated as non-exempt from the overtime requirements of the FLSA.

77. Despite the entitlement of Plaintiffs and other similarly situated employees to overtime payments under the FLSA, Defendants failed to pay Plaintiffs and other similarly situated employees an overtime rate of 1.5 times their regular rate of pay for all hours worked over forty each week.

78. Defendants violated 29 U.S.C. § 207 by not paying Plaintiffs and all similarly situated employees a proper overtime rate for all hours worked in excess of forty per week.

79. Defendants violated 29 C.F.R. §§ 778.117 and 778.208 by not including all forms of compensation, including commissions and nondiscretionary bonuses, paid to Plaintiffs and others similarly situated in their regular rate when calculating their overtime pay.

80. Upon information and belief, Plaintiffs and all or almost all employees who received commissions and/or nondiscretionary bonuses worked more than forty hours in

at least one week in which they performed work connected to a commission and/or nondiscretionary bonus.

81. Defendants failed to pay Plaintiffs and similarly situated employees at the proper overtime rate.

82. Defendants' conduct and practices, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

83. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

84. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided for by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Gayla Dzoba and Shelby Walls, each individually and on behalf of all others similarly situated, respectfully pray as follows:

A. That Defendants be summoned to appear and answer herein;

B. That Defendants be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

C. A declaratory judgment that Defendants' practices alleged herein violate the FLSA and the attendant regulations;

Page 12 of 13
Gayle Dzoba, et al. v. Cloverkle Enterprises, LLC, et al.
U.S.D.C. (N.D. Ala.) Case No. 5:21-cv-___
Original Complaint—Collective Action

D. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

B. Judgment for damages for all unpaid wages owed to Plaintiffs and members of the collective from a period of three years prior to this lawsuit through the date of trial under the FLSA and the attendant regulations;

C. Judgment for liquidated damages pursuant to the FLSA and the attendant regulations;

D. An order directing Defendants to pay Plaintiffs and members of the collective interest, reasonable attorneys' fees, and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**GAYLA DZOBA and SHELBY WALLS, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Courtney Lowery*
Courtney Lowery
Ala. Bar No. 4047-v46j
courtney@sanfordlawfirm.com