FILED
2022 Jun-27 PM 01:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**GAYLA DZOBA, SHELBY WALLS,**  **PLAINTIFFS**
**and EMILY HILL**

vs.     No. 5:21-cv-1427-MHH

**CLOVERKLE ENTERPRISES, LLC,**  **DEFENDANTS**
**and SCOTT McCORKLE**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

COME NOW Plaintiffs Gayla Dzoba ("Dzoba"), Shelby Walls ("Walls"), and Emily Hill ("Hill") (Dzoba, Walls, and Hill referred to collectively as "Plaintiffs") and Defendants Cloverkle Enterprises, LLC ("Cloverkle"), and Scott McCorkle ("McCorkle") (Cloverkle and McCorkle referred to collectively as the "Defendants") (Plaintiffs and Defendants referred to collectively as the "Parties"), by and through their undersigned counsel, and hereby jointly move this Court to approve the Parties' Settlement Agreement, an executed copy of which is marked and attached hereto as Exhibit 1, which was reached after the exchange of Initial Disclosures, informal discovery, and extensive arm's length negotiations. Pursuant to applicable Eleventh Circuit Court of Appeals' precedent, this Court is empowered to review and approve the provisions of settlement agreements in actions brought for alleged back wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. See Lynn Food Stores v. United States, 679 F.2d 1350 (11th Cir. 1982). Because the Parties have agreed that the terms reflected in the Agreement are reasonable and mutually satisfactory, the Parties respectfully request that the Court

Page - 1 - of 9
Gayla Dzoba, et al. v. Cloverkle Enterprises, LLC, et al.
U.S.D.C. (N.D. Ala.) Case No. 5:21-cv-1427-MHH
Joint Motion for Approval of Settlement Agreement

approve the Settlement Agreement. In further support of this motion, the Parties state as follows:

## SUMMARY OF FACTS

Plaintiffs were employed by Cloverkle, a mobile pet grooming service in Huntsville, Alabama, as Pet Groomers. (Doc. 1 at ¶¶ 15, 27, and 28; Doc. 4). During their employment with Defendants, Plaintiffs were paid an hourly wage and classified as "nonexempt" from the overtime requirements of the FLSA. (Id. at ¶ 29). Plaintiffs also earned commissions based on grooming services they provided to Defendants' customers and regular bonuses for meeting specific goals outlined by Defendants, including making the most sales, working the most hours, or booking the most appointments. (Id. at ¶¶ 35-39).

Plaintiffs allege that they regularly worked in excess of forty (40) hours per week for Defendants, but that Defendants did not always pay Plaintiffs an overtime premium for all hours worked over forty per week. (Id. at ¶¶ 40-41, 45). Plaintiffs further allege that, during weeks in which they worked over forty hours, Defendants paid an improper overtime rate because Defendants determined the regular rate of pay solely based on Plaintiffs' hourly rate, without including the value of the commissions and bonuses that Defendants provided to Plaintiffs. (Id. at ¶ 46).

Defendants have denied all of the material allegations of Plaintiffs' FLSA overtime claims and asserted a number of affirmative defenses. (See Doc. 11). Defendants contend that Plaintiffs were exempt from the overtime requirements of the FLSA under 29 USC 207(i) and that they compensated Plaintiffs properly for all the hours they worked. (Id. at ¶ 1).

**Page - 2 - of 9**
**Gayla Dzoba, et al. v. Cloverkle Enterprises, LLC, et al.**
**U.S.D.C. (N.D. Ala.) Case No. 5:21-cv-1427-MHH**
**Joint Motion for Approval of Settlement Agreement**

Following Defendants' Answer to the Complaint, the Parties jointly moved this Court to stay deadlines pending participation in mediation, which was to take place on May 31, 2022. (See Docs. 14 & 16). Before the mediation, the Parties exchanged settlement offers and demands and ultimately reached a settlement, the terms of which are memorialized in the attached Exhibit 1.

## ARGUMENT

Employees can settle and release claims under the FLSA in two ways. First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. See 29 U.S.C. § 216(c); Lynn's Food Stores, Inc., 679 F.2d at 1353. Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA (as is the case here), an employee may settle and release FLSA claims if the parties present the District Court with a proposed settlement, and the District Court enters a stipulated judgment approving the fairness of the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are

**Page - 3 - of 9**
**Gayla Dzoba, et al. v. Cloverkle Enterprises, LLC, et al.**
**U.S.D.C. (N.D. Ala.) Case No. 5:21-cv-1427-MHH**
**Joint Motion for Approval of Settlement Agreement**

actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

Here, the Parties submit that the Court should approve their Settlement Agreement to resolve Plaintiffs' FLSA claims against Defendants. The proposed Settlement Agreement arises out of an action that was adversarial in nature. The Parties vigorously dispute the merits of Plaintiffs' FLSA claim and there is a bona fide dispute between the Parties as to Plaintiffs' entitlement to relief under the FLSA and, even assuming entitlement, the amount of such relief. Plaintiffs and Defendants were represented by competent and experienced attorneys who are well versed in this area of the law.

The Parties entered into this settlement in recognition of the general risks inherent in any litigation -- for Plaintiffs, the risk of no recovery, and for the Defendants, the risk of a verdict against it on the merits. The Parties considered a number of specific factors before agreeing to the settlement, including (a) the factual and legal merits of Plaintiffs' claim and Defendants' defenses and the strengths and weaknesses of those arguments/positions, (b) the probability of recovery by Plaintiffs on their claims, (c) the range of possible monetary recovery by Plaintiffs (including the difficulty Plaintiffs faced proving the number of hours worked), (d) the time, expense, and other burdens of contested litigation that have been saved by the settlement, including the avoidance of multiple depositions that would have been required had the settlement not been reached, and (e) the additional benefit that a settlement provides now, relatively early in the litigation, versus the uncertainty of a trial that would not have occurred for many

Page - 4 - of 9
Gayla Dzoba, et al. v. Cloverkle Enterprises, LLC, et al.
U.S.D.C. (N.D. Ala.) Case No. 5:21-cv-1427-MHH
Joint Motion for Approval of Settlement Agreement

months. Recognizing and considering those and other risks and issues, the Parties reached the Settlement Agreement after lengthy negotiations and submit that it provides for fair and reasonable compensation to Plaintiff, when weighed against the risks of no recovery after lengthy and expensive litigation that has and would be vigorously defended by Defendants, as well as a payment of reasonable attorneys' fees and costs to his counsel for pursuing this action.

Through Initial Disclosures including Plaintiffs' time and payroll records, the Parties were better able to value Plaintiffs' claims for purposes of settlement negotiations. Using this information, counsel for Plaintiffs was able to compile spreadsheets detailing Plaintiffs' maximum damages for miscalculation of their regular rate, taking into account the amount Plaintiffs were actually paid, the bonuses and commissions they received during their tenure, and their effective hourly rate, both with the bonuses and commissions included and without. These combined spreadsheets are attached hereto as Exhibit 2. Under the terms of the settlement, the Plaintiffs are receiving 100% of their calculated damages, including their liquidation value. This is especially reasonable given Defendants' position that Plaintiffs were owed no back wages whatsoever.

The settlement also includes attorneys' fees and costs to Plaintiffs' counsel in the amount of $12,000.00. In Shaffer v. Bridgeway Servs., LLC, this Court expressed its support for the proposition that:

> Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then, 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to

Page - 5 - of 9
Gayla Dzoba, et al. v. Cloverkle Enterprises, LLC, et al.
U.S.D.C. (N.D. Ala.) Case No. 5:21-cv-1427-MHH
Joint Motion for Approval of Settlement Agreement

his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'

2022 U.S. Dist. LEXIS 27883, *7-8 (quoting <u>Davis v. The Filta Group, Inc.</u>, 2010 U.S. Dist. LEXIS 108043, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting <u>Bonetti v. Embarq Mgmt. Co.</u>, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009))).

Here, as in <u>Shaffer</u>, the Parties negotiated Plaintiffs' damages and attorneys' fees as separate amounts. Additionally, as in <u>Page v. Boatright Co.</u> "the matter of attorney's fees was negotiated at arm's length and was based on the work performed by Plaintiffs' counsel and likely hourly rates awardable, and Plaintiffs' recoveries were not affected by the amount of the attorney's fee." 2020 U.S. Dist. LEXIS 106460, *8-9.

Should the Court nevertheless seek to review the attorneys' fees for their reasonableness, Plaintiffs' counsel is attaching their billing records hereto as <u>Exhibit 3</u>, redacted only for sensitive client communications. The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate. <u>Andrews v. United States</u>, 122 F.3d 1367, 1375 (11th Cir. 1997) (<u>citing Hensley v. Eckerhart</u>, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983).

Plaintiff's counsel avers that the settlement amount of fees and costs is reasonable in light of the work performed in this case. Throughout the case, Plaintiff's counsel has billed over $13,400.00 in fees and costs, taking the case from Complaint drafting and exchange of disclosures and informal discovery, to damages calculations and settlement negotiations. At just 89.5% of their billed fees and costs to date, the fee amount is reasonable.

**Page - 6 - of 9**
**Gayla Dzoba, et al. v. Cloverkle Enterprises, LLC, et al.**
**U.S.D.C. (N.D. Ala.) Case No. 5:21-cv-1427-MHH**
**Joint Motion for Approval of Settlement Agreement**

The settlement represents a fair and reasonable compromise of this action by both Parties, made without any waiver or acceptance of liability by Defendants. As such, the Court should approve this settlement.

## **CONCLUSION**

The Parties represent that they reached a reasonable and fair resolution of Plaintiff's FLSA claim. The Parties represent that they engaged in a good faith, arm's length negotiations in an effort to resolve the matter on a compromise basis and that the settlement is of a bona fide dispute on all material issues of Plaintiff's claim.

All Parties have reached settlement as to all issues and claims, including the issue of attorneys' fees. Undersigned counsel for Parties affirm to the Court that they have the authority from their respective clients to settle on these specific terms, and that there are no other terms that have not been stated. The Settlement is contingent on this Court's approval.

WHEREFORE, based on the foregoing, the Parties jointly request that the Court enter and Order and Judgment that (a) approves the Parties' Settlement Agreement and directs that they comply in all respects; (b) that the Court retain jurisdiction for thirty (30) days after the Order to address, if necessary, any alleged breach of the Agreement, (c) that the Court dismiss this action with prejudice, with the parties to bear their own costs of this action, upon expiration of thirty (30) days after the entry of such Order, and (d) such other and further relief that the Court deems appropriate.

**Page - 7 - of 9**
**Gayla Dzoba, et al. v. Cloverkle Enterprises, LLC, et al.**
**U.S.D.C. (N.D. Ala.) Case No. 5:21-cv-1427-MHH**
**Joint Motion for Approval of Settlement Agreement**

Respectfully submitted,

**GAYLA DZOBA, SHELBY WALLS, and EMILY HILL, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Courtney Lowery*
Courtney Lowery
Ala. Bar No. 4047-v46j
courtney@sanfordlawfirm.com

and **CLOVERKLE ENTERPRISES, LLC, and SCOTT McCORKLE, DEFENDANTS**

WILMER & LEE, P.A.
100 Washington Street, Suite 100
Huntsville, Alabama 35801
Telephone: (256) 533-0202
Facsimile: (256) 533-0302

*/s/ John A. Wilmer*
John A. Wilmer
Ala. Bar No. 7110-r73j
jwilmer@wilmerlee.com

Walter A. Kelley
Ala. Bar No. 8687-l54w
wkelley@wilmerlee.com

**Page - 8 - of 9**
**Gayla Dzoba, et al. v. Cloverkle Enterprises, LLC, et al.**
**U.S.D.C. (N.D. Ala.) Case No. 5:21-cv-1427-MHH**
**Joint Motion for Approval of Settlement Agreement**

## CERTIFICATE OF SERVICE

    I hereby certify that on this date I caused a true and accurate copy of the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT** to be electronically filed with the Clerk of Court for the United States District Court for the Northern District of Alabama using the CM/ECF system, which will send electronic notification of such filing to all counsel of record, including the following:

    John A. Wilmer, Esq.
    jwilmer@wilmerlee.com

    Walter A. Kelley, Esq.
    wkelley@wilmerlee.com

This the 27th day of **June, 2022.**

                                                     */s/ Courtney Lowery*
                                                     **Courtney Lowery**

**Page - 9 - of 9**
Gayla Dzoba, et al. v. Cloverkle Enterprises, LLC, et al.
U.S.D.C. (N.D. Ala.) Case No. 5:21-cv-1427-MHH
Joint Motion for Approval of Settlement Agreement