# EXHIBIT 1

# SETTLEMENT AGREEMENT AND RELEASE

1.     This Settlement Agreement and Release ("Agreement") is entered into by and between Gayla Dzoba, Emily Hill, and Shelby Walls ("Plaintiffs") and Cloverkle Enterprises, LLC, and Scott McCorkle ("Defendants"). Plaintiffs and Defendants are jointly referred to herein as the "Parties."

2.     <u>Statement of Pending Claims</u>.  On October 25, 2021, Plaintiffs Dzoba and Walls filed the Civil Action, *Gayla Dzoba, et al. v. Cloverkle Enterprises, LLC, et al.*, No. 5:21-cv-1427-MHH, in the United States District Court for the Northern District of Alabama (the "Action"). In the Action, Plaintiffs Dzoba and Walls claim that Defendants failed to pay Plaintiffs and others similarly situated their proper overtime amounts due under the Fair Labor Standards Act ("FLSA").

3.     <u>Payments</u>.  In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendants agree to pay Plaintiffs and Plaintiffs' counsel the total sum of **Seventeen Thousand Five Hundred Ninety-Two Dollars and Eighty-Five Cents** ($17,592.85). Defendants shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiffs' counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, within fourteen (14) days of the Court's approval of this Agreement, in the following amounts:

> a.     $3,332.90 made payable to Plaintiff Gayla Dzoba, in the form of two checks. One check will be in the amount of $1,666.45 less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendants will issue an IRS Form W-2. The other check will be in the amount of $1,666.45, without withholdings, representing claimed liquidated damages, for which Defendants will issue an IRS Form 1099;

> b.     $1,881.76 made payable to Plaintiff Emily Hill, in the form of two checks. One check will be in the amount of $940.88 less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendants will issue an IRS Form W-2. The other check will be in the amount of $940.88, without withholdings, representing claimed liquidated damages, for which Defendants will issue an IRS Form 1099;

      c.      $378.19 made payable to Plaintiff Shelby Walls, in the form of two checks. One check will be in the amount of $189.10 less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendants will issue an IRS Form W-2. The other check will be in the amount of $189.09, without withholdings, representing claimed liquidated damages, for which Defendants will issue an IRS Form 1099; and

      d.      a check for $12,000.00 in settlement of any and all claims for attorneys' fees, made payable to Sanford Law Firm, PLLC, for which Defendants will issue an IRS Form 1099.

      4.      <u>Dismissal of Claims with Prejudice</u>.  Within seven (7) days of complete execution of this Agreement, the Parties will file a Joint Motion to Approve Settlement, in a form to be agreed upon by the Parties.

      5.      <u>Plaintiffs' Release of Claims</u>.  In exchange for the promises contained herein, Plaintiffs release and discharge Defendants, their representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims and rights of any kind that they may have, whether now known or unknown, including, but not limited to, those arising out of or in any way connected with their employment with Defendants from the beginning of time through the execution of this Agreement. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964 (as amended); 42 U.S.C. § 1981 (as amended); the Age Discrimination in Employment Act; the Equal Pay Act; the Americans With Disabilities Act (as amended); Sections 503 and 504 of the Rehabilitation Act of 1973; the Family Medical Leave Act; the Employee Retirement Income Security Act; the Occupational Safety and Health Act; the Workers' Adjustment and Retraining Notification Act, as amended; any claims for overtime compensation, minimum wages, liquidated damages, penalties and interest, attorneys' fees and costs under the FLSA or the AMWA or any other applicable federal or state laws (including statutory and common law claims for breach of contract, unjust enrichment or other common law claims relating to wage and hour issues); any state, civil or statutory laws, including any and all human rights laws, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, and any and all claims for attorneys' fees and costs.

      6.      <u>Defendants' Release of Claims</u>. Defendants fully, finally, and forever release and discharge Plaintiffs from any and all known or unknown causes,

claims, or demands which they had, have, or may have had as of the date they execute this Agreement, whether such claims, demands, actions, causes of action or liabilities are based on tort, contract (express or implied) or any federal, state or local law, statute or regulation.

7. <u>Covenant Not to Sue</u>.  Plaintiffs covenant not to sue any of the Releasees for any claims Plaintiffs release in this Agreement. Defendants covenant not to sue any of the Plaintiffs for any claims Defendants release in this Agreement.

8. <u>Non-Interference and Continued Right to Participate in Agency Proceedings</u>.  Nothing in this Agreement shall interfere with the Plaintiffs' right to file a charge, cooperate or participate in an investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, the U.S. Securities and Exchange Commission, or any other federal, state, or local regulatory or law enforcement agency. Further, nothing in this Agreement shall prohibit Plaintiffs from seeking or obtaining a whistleblower award from the Securities and Exchange Commission pursuant to Section 21F of the Exchange Act.

9. <u>Mutual Non-Disparagement</u>. Defendants' officers, shareholders, and owners agree to comment only neutrally about Plaintiffs, whether orally, through social media, or otherwise. Plaintiffs also agree to comment only neutrally about Defendants, Defendants' officers, shareholders, and owners, and Plaintiffs' employment with same, whether orally, through social media, or otherwise. This covenant does not prohibit the Parties from providing truthful testimony in response to any lawful subpoena.

10. <u>Neutral Reference</u>. Defendants shall not make any statement or take any action intended to or reasonably likely to dissuade any prospective employer from hiring Plaintiffs. If a reference from a prospective employer is sought from Defendants regarding Plaintiffs, Defendants shall provide the reference within a reasonable time, and shall provide only dates of employment and last position or title.

11. <u>Tax Indemnification</u>. Plaintiffs agree to pay all federal, state and local taxes and any other legal obligations, if any, which are required by law to be paid by Plaintiffs as a result of any amount paid under this Agreement. Other than for the required employer withholdings for which Defendants will be responsible, Plaintiffs shall indemnify and hold Defendants harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries, including any taxes, fees, penalties, interest, or expenses, that any taxing authority,

Doc ID: 372aa6082be13d559755aa3ea7f91d25dd41b810

governmental entity or other party or entity may seek to recover or assess against Defendants in connection with, or on account of, this Agreement and/or the payment and/or tax allocation and reporting of the gross settlement amount.

12. <u>Entire Agreement</u>.  This Agreement contains the entire agreement and understanding between the Plaintiffs and Defendants with respect to its subject matter and supersedes all other agreements between the Plaintiffs and Defendants.

13. <u>Headings</u>.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

14. <u>Choice of Law</u>.  This Settlement Agreement and Release is to be interpreted pursuant to the laws of Alabama, except where the application of federal law applies.

15. <u>Waiver</u>.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

16. <u>Severability</u>.  The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

17. <u>Counterparts</u>.  The Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiffs or counsel for Defendants shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

18. <u>Cooperation and Drafting</u>.  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

Doc ID: 372aa6082be13d559755aa3ea7f91d25dd41b810

- 5 -

**PLAINTIFFS**

_____
Gayla Dzoba

Date: 06 / 01 / 2022

_____
Emily Hill

Date: 06 / 07 / 2022

_____
Shelby Walls

Date: 06 / 02 / 2022

**DEFENDANTS**

Cloverkle Enterprises, LLC

By: _____

Date: 6/13/2022

_____
Scott McCorkle

Date: 6/13/2022

- 5 -

Doc ID: 372aa6082be13d559755aa3ea7f91d25dd41b810